Robyn Shawnee JACKSON, Plaintiff,

v.

Duane BROOKHART, et al.,
Defendants.

Civ. No. 85–784–B.

United States District Court,
S.D. Iowa, C.D.

Aug. 7, 1986.

John R. Phillips, Wendy Ogden (Court-appointed), Roger, Phillips & Swanger, Des Moines, Iowa, for plaintiff.

Thomas J. Miller, Atty. Gen., Gordon Allen, Sp. Asst., John Parmeter, Asst., Des Moines, Iowa, for defendants.

## RULING ON CROSS MOTIONS FOR SUMMARY JUDGMENT AND ORDER OF DISMISSAL

VIETOR, Chief Judge.

The court has before it the parties' cross motions for summary judgment. The motions have been resisted and are fully submitted.

The facts of this case are undisputed. Plaintiff was an inmate at the Iowa Medical and Classification Center (IMCC) at the time of the events in question. Defendants are the Superintendent and Program Director at IMCC and a counselor at IMCC. From April 13, 1985, through December 31, 1985, plaintiff was continuously held in disciplinary detention (DD) as a result of thirty-eight separate disciplinary proceedings. She was never given more than thirty days detention for any single offense. However, the accumulated time in disciplinary detention, 286 days, was served consecutively.

During the time plaintiff was confined in disciplinary detention, her receipt of mail and other reading materials was limited by prison policy. That prison policy allows DD inmates to receive only those reading materials determined by defendants to be religious, legal or educational materials, and a newspaper for one hour per day, as well as "first class mail which includes family members and approved visitors, legal public officials, Omubdsman [sic] and religious materials." The policy states that "other mail including photos, newspapers, magazines, publications, second and third

class mail will be stored until the inmate is released from this status."

■ The plaintiff asserts that the withholding of prohibited mail and other reading materials for a period of 286 days while she was in disciplinary detention violated her First Amendment right to read and possess literature. The First Amendment is applicable to the states through the due process clause of the Fourteenth Amendment. *Near v. Minnesota*, 283 U.S. 697, 707, 51 S.Ct. 625, 627–28, 75 L.Ed. 1357 (1931).

In *Procunier v. Martinez*, 416 U.S. 396, 413, 94 S.Ct. 1800, 1811, 40 L.Ed.2d 224 (1974), the Supreme Court held that in making a determination whether a prison's policy impermissibly encroaches on a prisoner's First Amendment rights, the court "must (1) detemine whether the policies or regulations further an important or substantial governmental interest unrelated to the suppression of expression; and (2) determine whether the limitation of the first amendment freedoms is no greater than is necessary or essential to the governmental interest involved." *Gregory v. Auger*, 768 F.2d 287, 289 (8th Cir.1985).

■ In *Gregory v. Auger*, the Eighth Circuit held that the deterrence of future misconduct is a substantial governmental interest that justified a prison policy that a prisoner's mail, except for religious, personal or legal mail, be withheld while the prisoner was confined to disciplinary detention for a period of two months. *Id.* at 290. In a more recent case, the Eighth Circuit reaffirmed that the withholding of certain types of mail while a prisoner serves time in disciplinary detention is justified because it discourages improper behavior and promotes security within the prison. *Little v. Norris*, 787 F.2d 1241 (8th Cir.1986). It is clear from these cases that the first element of *Procunier* is satisfied—the prison policy at issue here serves the substantial governmental interest of deterring future misconduct.

*Gregory* and *Little* clearly indicate that the second element of the Procunier test balances in favor of finding the prison poli-cy constitutional if the limitation upon the mail to be received by an inmate while in disciplinary detention is temporary. In *Gregory*, the Eighth Circuit stated:

It is important to recognize that the policies were not directed at what an inmate could receive, but when he could receive it. According to the district court, inmates are placed on [disciplinary detention] status for no longer than sixty days. After expiration of [disciplinary detention] status, the inmate would receive the mail that had been withheld. * * * [W]e believe that the Reformatory could properly have established mail policies far more restrictive than this, so long as the disciplinary withholding of mail was only to be temporary.

*Gregory v. Auger*, 768 F.2d at 290. The temporary nature of the withholding was also essential in *Little* where the court held that "[b]ecause the disciplinary detention serves a valid purpose, and because thirty days is not an excessive length of time," the sanction was constitutional. *Little v. Norris*, 787 F.2d at 1243.

■ In this case, as in *Gregory* and *Little*, each disciplinary detention imposed was of a temporary nature. Although plaintiff was in disciplinary detention for a total of 286 continuous days, that was because she brought upon herself thirty-eight separate and distinct disciplinary punishments, not one of which exceeded thirty days. In fact, most of the detentions were for substantially less than thirty days.

In *Gregory v. Auger*, 768 F.2d at 290, the Eighth Circuit quoted with approval the following remarks made by the Fifth Circuit in a similar case:

there can be no doubt ... that solitary confinement is a disciplinary measure whose very essence is the deprivation of interests the first amendment protects: association with the general prison population and communication with outsiders. To promote the important government interest in maintaining discipline, officials must have available sanctions that impose incremental disadvantages on those already imprisoned. Left free to

write to anyone in the world and to receive literature of any kind, a prisoner might find punitive isolation desirable, offering solitude and leisure as an alternative to the ordinary conditions of prison work and life.

*Daigre v. Maggio,* 719 F.2d 1310, 1313 (5th Cir.1983). If the court were to hold that delivery of all mail to an inmate serving consecutive short detentions in disciplinary detention must resume after the inmate has been in disciplinary detention for, let us say sixty days, or that every sixty days the inmate must receive the mail accumulated during the preceding sixty days, then an inmate might find prolonged disciplinary detention status desirable and actively seek it, and the important governmental interest of maintaining discipline would be undermined.

The court concludes that the prison policy at issue, as applied to plaintiff over the span of numerous consecutive disciplinary detentions, furthers a substantial governmental interest, and the limitation on the plaintiff's First Amendment freedoms is no greater than is necessary or essential to the governmental interest involved. Accordingly, plaintiff's motion for summary judgment is denied. Defendants' motion for summary judgment is granted and IT IS ORDERED that plaintiff's complaint be dismissed.